
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 23, 2017

**COURTNEY R. LOGAN v. SHAWN PHILLIPS, WARDEN**

**Appeal from the Circuit Court for Morgan County**
**No. 2015-CR-16    Jeffrey H. Wicks, Judge**

_____

**No. E2016-01535-CCA-R3-HC**
_____

The Petitioner, Courtney R. Logan, appeals as of right from the Morgan County Circuit Court's dismissal of his petition for writ of habeas corpus. The Petitioner challenges his long-ago extradition to the state of Mississippi. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Kim Nelson, District Public Defender; and Walter B. Johnson II, and Harold D. Balcom, Jr., Assistant District Public Defenders, for the appellant, Courtney R. Logan.

Herbert H. Slatery III, Attorney General and Reporter; John H. Bledsoe, Deputy Attorney General; Russell Johnson, District Attorney General; and Robert C. Edwards, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 25, 2009, the Petitioner assisted his cousin, Joseph L. Jackson, in escaping from correctional officers of the Mississippi Department of Correction. Logan v. State, 192 So. 3d 1012, 1015 (Miss. Ct. App. 2015) (en banc). The two men then fled to Tennessee where Mr. Jackson shot Metropolitan Nashville Police Department Sergeant Mark Chestnut during a traffic stop. State v. Cortney R. Logan, No. M2014-01687-CCA-R3-CD, 2015 WL 5883187, at *1-3 (Tenn. Crim. App. Oct. 8, 2015), perm. app. denied (Tenn. Feb. 18, 2016). The Petitioner and Mr. Jackson were subsequently arrested in Tennessee for the shooting of Sgt. Chestnut. Id. at *3. The Petitioner was tried and convicted of attempted first degree murder and employment of a firearm during the flight

or escape from the attempt to commit a dangerous felony and received a total effective sentence of thirty-one years' incarceration. Id. at *1.

The Petitioner was extradited to Mississippi where he was convicted of five counts of kidnapping, one count of aiding an escape, and one count of being a felon in possession of a firearm arising from Mr. Jackson's escape. Logan, 192 So. 3d at 1015. The Petitioner was deemed a habitual offender and received seven consecutive life sentences without the possibility of parole. Id. The Petitioner is currently in the custody of the Mississippi Department of Correction.

On March 2, 2015, the Petitioner filed petitions styled "Request for Pre-Habeas Corpus Challenge" in the Criminal and Circuit Courts of Davidson County that sought to challenge his extradition to Mississippi. Courtney R. Logan v. State, No. M2015-00725-CCA-R3-HC, 2016 WL 716818, at *1 (Tenn. Crim. App. Feb. 23, 2016). The petitions were consolidated and summarily dismissed by the Davidson County Criminal Court. Id. A panel of this court affirmed the summary dismissal of the petitions, holding that the Petitioner's attempt to challenge his extradition was moot as it was filed "long after he was extradited to Mississippi and tried and convicted of the crimes for which he was extradited." Id. at *3. The panel continued, noting that the Petitioner "was no longer in the custody of the State of Tennessee, and there was no available relief for the [habeas corpus] court to provide to the [P]etitioner, even if it was shown that his extradition was improper." Id.

On March 9, 2015, the Petitioner filed the instant petition in the Morgan County Circuit Court. The petition was nearly identical to the Davidson County petitions and sought to challenge his extradition to Mississippi. Counsel was appointed to represent the Petitioner, and a hearing was held in the habeas corpus court. At the hearing and in their brief on appeal, defense counsel essentially conceded the issue in light of this court's opinion regarding the Davidson County petitions. The habeas corpus court issued a written order dismissing the petition on June 29, 2016. This appeal followed.

Tennessee Code Annotated section 40-9-119 provides that a person who is to be extradited to another state may apply for a writ of habeas corpus prior to the extradition. However, once a person has been returned to the demanding state, any challenge to his extradition in this state's courts will be considered moot. Percy Cooksey v. State, No. 02C01-9507-CR-00186, 1996 WL 39361, at *1-2 (Tenn. Crim. App. Jan. 31, 1996); see also Barton v. Norrod, 106 F.3d 1289, 1298 (6th Cir. 1997) (stating that "[o]nce the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue"). Accordingly, we conclude that the habeas corpus court did not err in dismissing the petition for mootness.

Upon consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE